OPINION
{¶ 1} Defendant-appellant, Michael Brumett, appeals the order of restitution imposed by the Butler County Court of Common Pleas upon his convictions for attempted burglary and theft. We affirm the decision of the trial court.
 {¶ 2} On December 27, 2002, appellant was indicted for a number of burglaries and thefts. Specifically, counts 11 and 12 of the indictment charged appellant with two third-degree felonies, burglary and aggravated theft. The charges related to a break-in at the home of Julie Marlow where jewelry and personal property valued over $100,000 was stolen.
 {¶ 3} On March 26, 2003, as the result of a negotiated plea agreement, appellant entered a guilty plea pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, to one count of attempted burglary in violation of R.C. 2923.02 and2911.12, a fourth-degree felony, and one count of theft in violation of R.C. 2913.02, also a fourth-degree felony. The remaining charges were dismissed. Appellant agreed, in the written plea agreement, that an order of restitution would be made. Appellant was sentenced and ordered to pay restitution of $100,000. He appeals the order of restitution, raising a single assignment of error:
 {¶ 4} "The court erred in ordering restitution in the amount of $100,000.00 with no evidence to sustain the finding of $100,000.00."
 {¶ 5} R.C. 2929.18 authorizes a court to order restitution "to the victim of the offender's crime * * * in an amount based upon the victim's economic loss." The right to order restitution is limited to the actual loss or damage caused by the offense for which the defendant is convicted, and the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered. State v. Campbell (1993),85 Ohio App.3d 510, 512.
 {¶ 6} If the evidence in the record is insufficient, an evidentiary hearing may be necessary to satisfy due process requirements. See State v. Brumback (1996), 109 Ohio App.3d 65,83. However, a hearing is not necessary if there is evidence in the record to substantiate the loss. Id. A court may also consider a presentence investigation report ("PSI") when ordering restitution. Id.
 {¶ 7} Appellant plead guilty to theft, a violation of R.C.2913.02. In a written plea agreement, appellant acknowledged his understanding that an order of restitution would be made. At the plea hearing, the statement of facts presented to the court included a recitation that the value of the stolen property exceeded $100,000. When queried, appellant did not dispute the statement of facts and the court, upon advising appellant of his rights, accepted his guilty plea. Upon finding appellant guilty, the trial court ordered that a PSI be prepared. The trial court reviewed the PSI prior to sentencing appellant. The PSI discloses that the victim lost a video camera and jewelry exceeding $100,000 in value. At sentencing, appellant was ordered to make restitution of $100,000.
 {¶ 8} While appellant argues that this court should not consider the PSI because his appellate counsel is denied the right to review the report, we find his contention to be without merit. R.C. 2951.03 governs the disclosure of presentence investigation reports, permitting disclosure in three circumstances: (1) pursuant to R.C. 2951.03(B), to the defendant or his counsel prior to the imposition of the sentence; (2) pursuant to R.C. 2947.06, to the trial court when it is making its sentencing determination; and (3) pursuant to R.C.2953.08(F), to the appellate court when it is reviewing the sentencing determination. R.C. 2951.03(D); State v. Fisher,
Butler App. No. CA98-09-190, 2002-Ohio-2069; State ex rel.Sharpless v. Gierke (2000), 137 Ohio App.3d 821, 825. Consequently, the PSI is included in the record this court is required to examine when reviewing a trial court's sentencing decision, including an order of restitution. See R.C.2953.08(F)(1)-(3); State v. Back, Butler App. No. CA2003-01-011, 2003-Ohio-5985.
 {¶ 9} This court's review of the record, including the PSI, confirms that the record contains evidence which establishes to a reasonable degree of certainty that the victim suffered an economic loss of at least $100,000, as the result of the crime for which appellant was convicted. We accordingly overrule the assignment of error.
 {¶ 10} The judgment is affirmed.
Judgment affirmed.
Powell, P.J., and Valen, J., concur.