The STATE OF OHIO, Appellee,

v.

COLON, Appellant.

[Cite as *State v. Colon*, 185 Ohio App.3d 671, 2010-Ohio-492.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 09–CA–09.

Decided Feb. 12, 2010.

Stephen A. Schumaker, Clark County Prosecuting Attorney, and Amy M. Smith, Assistant Prosecuting Attorney, for appellee.

Dawn S. Garrett, for appellant.

BROGAN, Judge.

{¶ 1} Oscar Colon appeals from his conviction and sentence in Clark County Common Pleas Court on one count of aggravated arson.

{¶ 2} Colon advances four assignments of error on appeal. First, he contends that the trial court erred by ordering restitution for a third-party insurance company that was not the victim of his offense. Second, he claims that the trial court erred by awarding restitution based on a theft charge that did not result in conviction and by awarding restitution without a hearing to determine the proper amount. Third, he asserts that the trial court abused its discretion and failed to consider the requisite factors when sentencing him to four years in prison. Fourth, he challenges the legal sufficiency and manifest weight of the evidence to support his conviction.

{¶ 3} The present appeal stems from a fire that occurred inside the home of John and Georgia Oakes. About a month before the fire, the Oakeses had allowed Colon to move in with them. He had his own bedroom in the Oakeses' house and kept personal items there. John Oakes left the residence for work on the morning of September 25, 2008, leaving Georgia Oakes and Colon behind. Georgia later went to work herself, leaving Colon alone in the house. Upon arriving home that evening, Georgia discovered the garage door open. She entered the house and smelled smoke. She then saw a smouldering quilt on the floor in Colon's bedroom. Colon himself was not home. Georgia also discovered a smoke detector in two pieces in the hallway and in the bathroom next to Colon's bedroom. A fire investigator found no forced entry into the home. The investigator concluded that the fire, which primarily caused carpet damage, had been set deliberately by igniting two small piles of paper and the quilt. The Oakes discovered that some of their possessions, including several thousand dollars worth of jewelry and electronics, were missing. Colon's bicycle also was gone. After the fire, Colon never returned to the Oakeses' home. He also never returned to the restaurant where he and Georgia had worked. Colon was arrested approximately two weeks after the fire and was charged with aggravated arson. Following his arrest, he sent the Oakeses a letter requesting forgiveness "for what [he had] done." The letter admitted theft but did not mention starting the fire.

{¶ 4} A jury found Colon guilty of aggravated arson. The trial court sentenced him to four years in prison. It also ordered him to pay restitution of $7,271.76 with $1,510.46 going to the Oakeses and $5,761.30 to their insurance company. This timely appeal followed.

{¶ 5} In his first assignment of error, Colon contends that the trial court erred by awarding restitution to the Oakeses' insurance company. The state concedes error, and we agree. "Under R.C. 2929.18(A)(1), a court may order a felony offender to pay, as part of the sentence, a financial sanction in the form of restitution. The statute sets forth four possible payees to whom the court may order restitution to be paid: the victim or survivor of the victim, the adult

probation department that serves the county on behalf of the victim, the clerk of courts, and 'another agency designated by the court,' such as the crime victims' reparations fund." *State v. Wilson,* Montgomery App. No. 23167, 2010-Ohio-109, 2009 WL 169483, ¶ 20.

{¶ 6} In the present case, the trial court's termination entry simply ordered Colon "to pay restitution of $7,271.76" plus a statutory handling fee. During the sentencing hearing, the trial court made clear that $5,761.30 of this amount was to be paid to the probation department on behalf of the Oakeses' insurance company. But the insurance company was not "the victim" of Colon's aggravated arson. Nor is an insurance company an "agenc[y] designated by the court." *State v. Christman,* Preble App. Nos. CA2009–03–007, CA2009–03–008, 2009-Ohio-6555, 2009 WL 4810318, ¶ 18, citing *State v. Bartholomew,* 119 Ohio St.3d 359, 2008-Ohio-4080, 894 N.E.2d 307 ("A state reparations fund, for example, is a permissible agency designated by the trial court that may receive restitution. * * * A private insurance company is not"). See also *State v. Kreischer,* 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, ¶ 13 (implying that under the current version of R.C. 2929.18(A)(1), an insurance company would not be entitled to restitution for amounts paid on behalf of a crime victim); Id. at ¶ 15 (Pfeifer, J., dissenting) ("Fortunately, the General Assembly * * * has already amended R.C. 2929.18(A) to make it clear that restitution is not intended to be a windfall for insurance companies"). Thus, an insurance company is not a proper third-party payee under R.C. 2929.18(A)(1).

{¶ 7} We note too that the $5,761.30 cannot be paid directly to the Oakeses as restitution. It is well settled that restitution may not exceed a crime victim's economic loss and, as a result, must be reduced by any insurance payment received. *State v. Clayton,* Montgomery App. No. 22937, 2009-Ohio-7040, 2009 WL 5247521, ¶ 56. Because the Oakeses already have received payment from their insurance company, awarding them restitution of $5,761.30 would constitute an impermissible double recovery.[1] Id. The first assignment of error is sustained.

{¶ 8} In his second assignment of error, Colon claims that the trial court erred by awarding restitution based on a theft charge that did not result in conviction and by awarding restitution without a hearing to determine the proper amount. With regard to the former issue, Colon contends that the record reflects arson-related damages of between $500 and $700. He points out that the trial court ordered the bulk of his restitution obligation as compensation for items stolen from the Oakeses' home. He argues, however, that the jury acquitted him

---

1. A possible solution is for the insurance company to file a subrogation action against Colon to recover the money it paid the Oakeses.

of theft and, therefore, that ordering restitution for theft-related losses was improper. On the latter issue, Colon asserts that restitution may be awarded only after a hearing.

{¶ 9} Upon review, we agree that the trial court erred in ordering restitution for theft-related losses. As a threshold matter, the record before us does not support Colon's claim that the jury acquitted him of theft. Rather, the record simply does not contain a theft charge. Colon was indicted and tried only for aggravated arson, and he was convicted of that charge. At sentencing, however, the trial court noted Colon's confession to theft in the post-arrest letter he wrote to the Oakeses. In light of that letter, the trial court ordered Colon to pay restitution for theft of property from the Oakeses' home. The state concedes error by the trial court, and we agree. A restitution award must be limited to those acts that constitute the crime of conviction. *State v. Hubbell,* Darke App. No. 1617, 2004-Ohio-398, 2004 WL 190066, ¶ 11. Because Colon was convicted only of aggravated arson, his restitution obligation is limited to damages resulting from that criminal act. Id.

{¶ 10} The remaining issue is whether the trial court was required to hold a hearing to determine the damages resulting from Colon's aggravated arson. Such a hearing is required only "if the offender, victim, or survivor disputes the amount of restitution ordered by the court." *Wilson,* 2010-Ohio-109, at ¶ 21, citing R.C. 2929.18(A)(1). In the present case, Colon did not request a restitution hearing. At sentencing, he argued that restitution could not be ordered for theft-related losses. He also asserted that the "damage from the fire was around $500" and certainly no more than $600 to $700. Colon repeats these figures on appeal. For its part, the state acknowledges on appeal that the Oakeses' arson-related losses are only $361.02 after taking into account compensation they received from their insurance company. Therefore, the state urges us to modify the trial court's judgment to reduce the restitution order to $361.02.

{¶ 11} Upon review, we see no need for a restitution hearing. As set forth above, Colon concedes that the fire resulted in damage of at least $500. The state recognizes that insurance has compensated the Oakes for all but $361.02 of their loss. This figure is supported by the record. Accordingly, we will sustain the second assignment of error in part and modify the trial court's judgment to reflect a restitution obligation of $361.02.

{¶ 12} In his third assignment of error, Colon asserts that the trial court abused its discretion and failed to consider the requisite factors when sentencing him to four years in prison. More specifically, he contends that the trial court disregarded his "theft acquittal" and took theft into consideration when imposing his prison sentence. Colon also claims that the trial court failed to give adequate

weight to his lack of an "extensive adult criminal history" and to the relatively minor harm he caused. Finally, he claims that the trial court failed to state that it had considered the statutory seriousness and recidivism factors or the principles and purposes of sentencing.

{¶ 13} Upon review, we find no merit in Colon's arguments. "When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. * * * If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard." *State v. Bowshier,* Clark App. No. 08–CA–58, 2009-Ohio-3429, 2009 WL 2031670, ¶ 6.

{¶ 14} Contrary to Colon's argument on appeal, the trial court expressly stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Therefore, Colon has not identified any basis for finding that his prison sentence is contrary to law. We also see no evidence that the trial court improperly considered a "theft acquittal" when imposing Colon's four-year sentence. As set forth above, the record does not reflect that Colon was acquitted of theft. He simply was not charged with theft. Although the trial court improperly considered the value of items stolen from the Oakeses' home when calculating restitution, nothing before us indicates that it imposed a longer prison term because it believed Colon had committed theft in addition to aggravated arson.

{¶ 15} Based on the record before it, the trial court acted well within its discretion in sentencing Colon to four years in prison. The maximum sentence for aggravated arson, a second-degree felony, was eight years in prison. Although Colon's conduct happened to cause little harm, that fortuitous fact did not minimize the seriousness of his offense. Moreover, the trial court noted that Colon had a juvenile record for receiving stolen property, burglary, criminal damaging, and theft. The trial court noted that as an adult, Colon had been convicted of unauthorized use of a motor vehicle and failure to comply, which resulted in a one-year prison sentence. While Colon does not have an extensive adult record, that fact is minimized by his youth: he was only 21 years old at the time of trial. Having reviewed the record, we see no abuse of discretion in the trial court's imposition of a mid-range, four-year prison sentence for Colon's act of setting fire to the Oakeses' home. The third assignment of error is overruled.

{¶ 16} In his fourth assignment of error, Colon challenges the legal sufficiency and manifest weight of the evidence to support his conviction. He addresses both arguments together. In support, he notes the absence of any conflict between himself and the Oakeses prior to the fire. He stresses the lack

of any direct evidence that he started the fire or any forensic evidence such as fingerprints. Colon also notes that most of his belongings, other than his bicycle, remained in the bedroom. As for the letter, he points out that it mentioned stealing, not arson, and did not specify a time frame or identify the items taken.

{¶ 17} When a defendant challenges the sufficiency of the evidence, he is arguing that the state presented inadequate evidence on each element of the offense to sustain the verdict as a matter of law. *State v. Hawn* (2000), 138 Ohio App.3d 449, 471, 741 N.E.2d 594. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 18} Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.

{¶ 19} With the foregoing standards in mind, we conclude that Colon's conviction is based on legally sufficient evidence and is not against the manifest weight of the evidence. He was convicted of aggravated arson under R.C. 2909.02(A)(2) for knowingly causing physical harm to an occupied structure by means of fire. The state's evidence supports a finding that the fire at issue was started intentionally. This is apparent from the nature of the fire, which was ignited with two small piles of paper and a quilt, and from the fact that the perpetrator knocked down a smoke alarm. The lack of forced entry into the home is circumstantial evidence that someone already inside started the fire, and Colon was the last person known to be there. In addition, his failure to return to the home and the absence of his bicycle support an inference that he started the fire and fled with jewelry and other items. This inference is strengthened by the letter he wrote to the Oakeses following his indictment. While Colon characterizes the letter as merely a confession to an unspecified theft, the jury reasonably

could have construed it more broadly. At the outset of the letter, Colon expressed remorse for "everything that [he has] done." Later, he specifically admitted, "I stole from you * * *." He then offered to pay "for everything that [he has] done." Given the timing and context of the letter, which Colon wrote while in jail under indictment for aggravated arson, we believe that the jury reasonably could have construed it as an admission of responsibility for the fire. A rational trier of fact certainly could have found Colon guilty of aggravated arson, and the evidence does not weigh heavily against his conviction. Accordingly, the fourth assignment of error is overruled.

{¶ 20} Having sustained Colon's first assignment of error and his second assignment of error in part, we modify the trial court's judgment to reflect a $361.02 restitution obligation to the Oakes. As so modified, the trial court's judgment is affirmed.

Judgment affirmed
as modified.

FAIN and FROELICH, JJ., concur.