[Cite as *State v. Askew*, 2011-Ohio-687.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

SERO D. ASKEW

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 2010CA00069

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2004CR0449 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 14, 2011 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JOHN D. FERRERO<br>PROSECUTING ATTORNEY<br>STARK COUNTY, OHIO | DEREK J. LOWRY<br>Crawford, Lowry & Associates<br>116 Cleveland Avenue N.W.<br>Suite 800<br>Canton, Ohio 44702 |
| BY: KATHLEEN O. TATARSKY<br>Assistant Prosecuting Attorney<br>Appellate Section<br>110 Central Plaza, South - Suite 510<br>Canton, Ohio 44702-1413 | |

*Hoffman, J.*

{¶1} Defendant-appellant Sero D. Askew appeals the March 23, 2010 Judgment Entry entered by the Stark County Court of Common Pleas which resentenced him on three counts of trafficking in cocaine and three counts of possession of cocaine, together with a major drug offender specification. The State of Ohio is plaintiff-appellee.

STATEMENT OF THE CASE[1]

{¶2} Appellant pled no contest to the aforementioned charges. The trial court entered convictions thereon and sentenced Appellant via Judgment Entry journalized August 4, 2004.

{¶3} Appellant filed a direct appeal from the August 4, 2004 Judgment Entry in this Court. We affirmed the trial court's judgment entry. See, *State v. Askew*, Stark App. No. 2004-CA-00275, 2005-Ohio-3194.

{¶4} As pertinent to this appeal, Appellant was resentenced by the trial court pursuant to the direction of the Ohio Supreme Court as pronounced in *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434. The new sentence was journalized March 23, 2010. It is from that judgment entry Appellant prosecutes this appeal assigning as error[2]:

{¶5} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS PLEA.

---

[1] A rendition of the facts is unnecessary for our disposition of this appeal.

[2] On September 30, 2010, Appellant filed a Supplemental Brief of Appellant pro se. Appellant was represented by counsel in this appeal, who filed the Brief of Appellant on August 31, 2010. This Court will not recognize Appellant's pro se supplemental brief as it was submitted without leave of this Court.

{¶6} "II. THE TRIAL COURT ERRED BY ACCEPTING THE APPELLANT'S GUILTY PLEA WITHOUT ADVISING HIM OF THE CORRECT TERM OF POST-RELEASE CONTROL.

{¶7} "III. THE TRIAL COURT ERR [SIC] BY DENYING THE APPELLANT'S MOTION TO SUPPRESS.

{¶8} "IV. THE TRIAL COURT ERRED IN NOT FINDING THE CHARGES OF POSSESSION COCAINE TO BE ALLIED OFFENSES WITH THE RELATED CHARGES OF TRAFFICKING IN COCAINE AND MERGE THESE COUNTS FOR SENTENCING."

I

{¶9} During his resentencing hearing pursuant to *Singleton*, Appellant orally asked to withdraw his plea. The trial court conducted a hearing at that time with respect to Appellant's motion. The trial court denied Appellant's request. In his first assignment of error, Appellant asserts the trial court abused its discretion by so doing.

{¶10} We need not analyze the merits of Appellant's argument as it is clear the trial court is without jurisdiction to vacate Appellant's plea after this Court has affirmed his conviction. See, *State ex rel. Special Prosecutors v. Judges, Belmont County Court of Common Pleas* (1978), 55 Ohio St.2d 94. The Ohio Supreme Court recently reaffirmed its holding in *Special Prosecutors* in *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831. Based upon the foregoing authority, Appellant's first assignment of error is overruled.

## II, III, & IV

{¶11} Because the same rationale for our decision applies to all three of these assignments of error, we shall address them together.

{¶12} The entry under review was generated in accordance with the procedure set forth in *Singleton* to correct errors and/or deficiencies involving notification and journalization of post release control sanctions, committed during a defendant's initial sentencing. Appellant's present assignments of error were or could have been raised in his initial appeal to this Court.

{¶13} This Court has repeatedly held such resentencings do not allow a defendant to challenge anew his convictions(s) as such is barred under the principles of law of the case and/or res judicata. This Court's position has been validated by two recent Ohio Supreme Court decisions: *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283; and *State v. Fischer*, 2010-Ohio-6238. Pursuant to *Ketterer* and *Fischer*, Appellant's two assignments of error are overruled.

{¶14} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SERO D. ASKEW | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2010CA00069 |

For the reasons stated in our accompanying Opinion, the March 23, 2010 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ John W. Wise _____
HON. JOHN W. WISE