[Cite as *State v. Kelly*, 2011-Ohio-4902.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No.   10CA28 & 10CA29 |
| vs. | : | |
| JERRY M. KELLY, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      John A. Bay, Bay Law Office, L.L.C., P.O. Box 29682,
Columbus, Ohio 43229

COUNSEL FOR APPELLEE:      Judy C. Wolford, Pickaway County Prosecuting Attorney,
and Jayme Hartley Fountain, Pickaway County Assistant
Prosecuting Attorney, 203 South Scioto Street, P.O. Box
910, Circleville, Ohio 43113

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-19-11

ABELE, J.

{¶ 1}   This is a consolidated appeal from two separate Pickaway County Common Pleas

Court judgments of conviction and sentence.   Jerry M. Kelley, defendant below and appellant

herein, was found guilty of (1) complicity to burglary in violation of R.C.

2923.03(A)(2)/2911.12(A)(2), and (2) complicity to theft in violation of R.C.

2923.03(A)(2)/2913.02(A)(1).   Appellant also pled guilty, in a separate case, to vandalism in

violation of R.C. 2909.05(B)(1)(b).

{¶ 2}    Appellant assigns the following errors for review:[1]

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY ORDERING MR. KELLY TO
PAY $1,407.97 IN RESTITUTION WITHOUT CONSIDERING
MR. KELLY'S PRESENT AND FUTURE ABILITY TO PAY AS
REQUIRED BY R.C. 2929.19 (B)(6)."

SECOND ASSIGNMENT OF ERROR:

"TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE,
IN VIOLATION OF THE SIXTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION
AND SECTION 10, ARTICLE I OF THE OHIO
CONSTITUTION, FOR FAILING TO OBJECT TO THE TRIAL
COURT'S IMPOSITION OF $1,407.97 IN RESTITUTION
WITHOUT CONSIDERING WHETHER MR. KELLY HAD THE
PRESENT AND FUTURE ABILITY TO PAY."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED PLAIN ERROR AND
DENIED MR. KELLY DUE PROCESS OF LAW BY IMPOSING
$1,407.97 IN RESTITUTION WITHOUT CONSIDERING
WHETHER MR. KELLY HAD THE PRESENT AND FUTURE
ABILITY TO PAY THAT AMOUNT."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT ORDERED MR.
KELLY TO PAY RESTITUTION TO THE VICTIM'S
INSURANCE CARRIER."
FIFTH ASSIGNMENT OF ERROR:

---

[1]Appellant is represented by appellate counsel.     Counsel timely filed an appellate brief.     Subsequently, appellant filed a pro se appellate brief.     Appellant, however, filed his brief (1) without seeking leave of court to do so; (2) without setting out specific assignments of error as App.R. 16(A)(3) requires; and (3) beyond the applicable time limit.     Generally, when an appellant is represented by counsel and counsel has filed an appellate brief, courts will not permit appellants to file pro se supplemental briefs.     See, e.g., State v. Askew, Stark App. No. 2010CA69, 2011-Ohio-687.     In the case sub judice, this court will not recognize appellant's pro se supplemental brief.

"THE TRIAL COURT ERRED BY IMPOSING COURT COSTS WITHOUT NOTIFYING MR. KELLY THAT HIS FAILURE TO PAY SUCH COSTS MAY RESULT IN THE COURT'S ORDERING HIM TO PERFORM COMMUNITY SERVICE.

SIXTH ASSIGNMENT OF ERROR:

"TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO THE TRIAL COURT'S IMPOSITION OF COURT COSTS, AS THE TRIAL COURT DID NOT NOTIFY MR. KELLY THAT HIS FAILURE TO PAY COURT COSTS MAY RESULT IN THE COURT'S ORDERING HIM TO PERFORM COMMUNITY SERVICE."

SEVENTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MR. KELLY DUE PROCESS OF LAW WHEN IT IMPOSED COURT COSTS WITHOUT THE PROPER NOTIFICATION THAT HIS FAILURE TO PAY COURT COSTS MAY RESULT IN THE COURT'S [sic] ORDERING HIM TO PERFORM COMMUNITY SERVICE."

{¶ 3} On January 8, 2010, the Pickaway County Grand Jury returned an indictment that charged appellant with complicity to burglary, complicity to theft and complicity to safecracking. Four months later, he was also indicted for an act of vandalism that he allegedly perpetrated at the Pickaway County Jail. Appellant pled not guilty to all charges.

{¶ 4} In April 2010, appellant changed his plea to guilty on the vandalism charge and waived his right to a jury on the remaining three charges. After a bench trial, the trial court found appellant guilty of complicity to burglary and complicity to theft, but not guilty of complicity to safecracking.

{¶ 5} The trial court sentenced appellant to serve five years for complicity to burglary

and six months for complicity to theft, with the two sentences to be served concurrently.   The

court also imposed a twelve month sentence for vandalism, but ordered this term to be served

consecutively to the concurrent terms imposed in the other case.   The court further ordered

appellant to (1) pay court costs in both cases; (2) pay $225 to the Pickaway County

Commissioners in restitution for damages he caused at the county jail; and (3) pay $1,182.97 in

restitution to Metlife Insurance Company (Metlife) to reimburse it for a claim it paid to its

insured homeowner.   These appeals followed.[2]

I

{¶ 6}   We first consider appellant's fourth assignment of error wherein he asserts that the

trial court erred by ordering him to pay restitution to Met Life.   The prosecution concedes that

the trial court erred on this issue, and we agree.

{¶ 7}   Under R.C. 2929.18(A)(1), courts are not permitted in criminal cases to award

restitution to third parties, including insurance carriers.   See State v. Moss, 186 Ohio App.3d

787, 930 N.E.2d 838, 2010-Ohio-1135, at ¶10; State v. Haney, 180 Ohio App.3d 554,

2009-Ohio-149, 906 N.E.2d 472, at ¶ 29.   Other Ohio courts have come to the same conclusion.

See, e.g., State v. Colon, 185 Ohio App.3d 671, 925 N.E.2d 212, 2010-Ohio-492, at ¶6; State v.

Perkins, Seneca App. Nos. 13-10-02, 13-10-03, 2010-Ohio- 5058, at ¶16.

{¶ 8}   For these reasons, we hereby sustain appellant's fourth assignment of error.

II

{¶ 9}   In his fifth assignment of error, appellant asserts that the trial court erred by

---

[2]   On October 7, 2010, we ordered the two cases consolidated.

imposing court costs without warning him that if he failed to pay those costs, he could be ordered to perform community service. The prosecution also concedes this argument.

{¶ 10} R.C. 2947.23(A)(1) requires a trial court to include in the sentencing judgment entry the "costs of prosecution." A trial court is also required to notify a defendant that if he fails to pay those costs, "the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule." Id. at (A)(1)(a). This warning is mandatory. Moss, supra at ¶17; State v. Moore, Gallia App. No. 09CA2, 2009-Ohio-5732, at ¶6; State v. Welch, Washington App. No. 08CA29, 2009-Ohio-2655, at ¶14; State v. Boice, Washington App. No. 08CA24, 2009-Ohio-1755, at ¶9.

{¶ 11} Our review of the transcript confirms that the trial court did not give the required notification. Accordingly, appellant's fifth assignment of error is hereby sustained. Furthermore, our ruling renders appellant's sixth and seventh assignments of error moot and they will be disregarded. See App.R. 12(A)(1)(c).

III

{¶ 12} We now turn to appellant's first, second and third assignments of error, which we consider together because they challenge the restitution award to the Pickaway County Commissioners. In particular, appellant asserts that the trial court erred by not considering his present and future ability to pay restitution as R.C. 2929.19(B)(6) requires.

{¶ 13} Generally, courts may impose financial sanctions on defendants as part of their sentences. One such financial sanction is restitution. See R.C. 2929.18(A)(1). However, before a court may impose restitution, it must first consider a defendant's present and future ability to

pay that sanction. R.C. 2929.19(B)(6). We have held that although the better practice is to explain on the record that the court considered a defendant's economic situation, courts are not explicitly required to do so. State v. Smith, Ross App. No. 06CA2893, 2007-Ohio-1884, at ¶42; State v. Ray, Scioto App. No. 04CA2965, 2006-Ohio-853, at ¶26. Instead, we must look to the totality of the record to determine if a trial court complied with the statute. State v. Slater, Scioto App. No. 01CA2806, 2002-Ohio-5343, at ¶8.

{¶ 14} In the case sub judice, as the prosecution correctly notes, compliance with R.C. 2929.19(B)(6) can be established when a trial court considers a Pre-Sentence Investigation report (PSI) that details pertinent financial information. Moss, supra at ¶13; Slater, supra at ¶8; State v. Henderson, Vinton App. No. 07CA659, 2008-Ohio-2063 at ¶7. The prosecution argues that we should apply that principle because the transcript indicates that the trial court commented that it had "reviewed the presentence report." We agree. Although the PSI report indicates that appellant was homeless and dropped out of high school, it also indicates that he later obtained a GED and has an employment history, albeit less than stellar. We believe that the trial court could reasonably conclude that appellant could eventually pay restitution for the damages that he caused.

{¶ 15} Accordingly, we hereby overrule appellant's third assignment of error. In light of our ruling, we also overrule appellant's first and second assignments of error. Because we have determined that the trial court properly ordered appellant to pay restitution for his crime: (1) trial counsel's failure to object did not constitute ineffective assistance of counsel; and (2) the trial court's decision did not constitute plain error.

{¶ 16} In summary, we hereby sustain appellant's fourth assignment of error concerning restitution to Metlife and his fifth assignment of error concerning court costs.   To this limited extent, the trial court's judgment is hereby reversed and the case remanded for further proceedings on those issues.   The remainder of the trial court's judgment is hereby affirmed.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed in part, reversed in part and the case be remanded for further proceedings consistent with this opinion.   Appellant to recover of appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J.: Concurs in Judgment & Opinion
McFarland, J.: Concurs in Judgment Only

For the Court

BY:_____

Peter B. Abele, Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.