[Cite as *State v. Johnson*, 2011-Ohio-5913.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100702 |
| | | TRIAL NO. B-1005248 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JASON M. JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  November 18, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael A. Woodford*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**SUNDERMANN, Presiding Judge.**

{¶1}    Jason Johnson appeals from the trial court's judgment that ordered him to pay restitution to Ada Goldston, Cash America, and Auto Owners Insurance ("Auto Owners"). We conclude that the trial court erred when it ordered Johnson to pay restitution to the victim's insurance company, and we modify the trial court's judgment to remove that restitution obligation. As modified, we affirm the judgment of the trial court.

{¶2}    Johnson was indicted for the fourth-degree felony of receiving property stolen from Goldston worth $5,000 or more, but less than $100,000. As the result of plea negotiations, Johnson pleaded guilty to a reduced charge of fifth-degree receiving stolen property.

{¶3}    After accepting Johnson's guilty plea, the trial court held a hearing on restitution. During the hearing, Goldston testified that a gold chain with a 1.45-carat diamond pendant had been stolen from her home. The gold chain had been recovered from Cash America where it had been pawned, but the diamond was still missing. According to Goldston, the diamond was valued at $11,400 on her homeowner's insurance policy. Goldston's insurance company, Auto Owners, had paid her $5,631 for her loss.

{¶4}    After a sentencing hearing, the trial court sentenced Johnson to five months of community control, fined him $250, and ordered him to pay restitution as follows: $5,769 to Goldston, $125 to Cash America, and $5,631 to Auto Owners. Johnson now appeals.

{¶5}    In his first assignment of error, Johnson asserts that the trial court erred when it ordered him to pay restitution to Auto Owners. We agree. R.C.

2

2929.18(A)(1) provides that a trial court may order that a defendant pay restitution to his victim in the amount of the victim's economic loss. "If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court." R.C. 2929.18(A)(1). In 2004, the General Assembly amended the former version of R.C. 2929.18(A)(1) to remove language that allowed the trial court to order that restitution be paid to a third party on behalf of the victim. See *State v. Berlinger*, 1st Dist. No. C-100541, 2011-Ohio-2223. Given this deletion, the legislature's intent to disallow payment to victims' insurance companies is clear. See *State v. Colon*, 185 Ohio App.3d 671, 2010-Ohio-492, 925 N.E.2d 212; *State v. Kelly*, 4th Dist. Nos. 10CA28 and 10CA29, 2011-Ohio-4902. The state concedes that the trial court erred when it ordered that restitution be paid to Auto Owners. The first assignment of error is sustained.

{¶6} We consider Johnson's next two assignments of error together, as both take issue with the amount of restitution that Johnson was ordered to pay Goldston. We reframe the assignments together to assert that the court erred when it ordered Johnson to pay $5,631 in restitution to Goldston. We note that after the trial court announced that it was ordering Johnson to pay restitution to Goldston, Cash America, and Auto Owners, Johnson objected only to "any evidence that we have regarding the restitution to the insurance company." Therefore, he has waived all but plain error with respect to the amount awarded to Goldston. Under the plain-error standard, Johnson cannot prevail on his claim "unless, but for the error, the outcome * * * would have been otherwise." *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus.

{¶7}      When determining the amount of restitution to order, a trial court may consider "an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."  R.C. 2929.18(A)(1).  "[C]ompetent, credible evidence must support a restitution order so that the court can discern the amount to a reasonable degree of certainty."  *State v. Sexton*, 1st Dist. No. C-110037, 2011-Ohio-5246, ¶3, citing *State v. Webb*, 173 Ohio App.3d 547, 2007-Ohio-5670, 879 N.E.2d 254, ¶34; *State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, ¶16.

{¶8}      Johnson argues that evidence of the amount that the insurance company had paid Goldston was competent, credible evidence of the extent of her loss.  But Goldston testified that the diamond had been valued at $11,400 on her insurance claim.  The trial court was in the best position to determine whether Goldston was credible and whether her testimony supported a restitution award of $11,400.  The amount of restitution that Johnson was ordered to pay Goldston was $11,400 less the amount that she had been paid by the insurance company.

{¶9}      Johnson also argues that the amount of restitution the trial court had the authority to award was limited by his plea to fifth-degree receiving stolen property, which indicated that the property in question had a value of $500 to $5000.  But the trial court was not limited to the negotiated plea amount.  See *State v. Brumett*, 12th Dist. No. CA2003-06-135, 2004-Ohio-2211.  In her statement of the facts of the offense, the prosecutor stated that the property was worth $11,000, and Johnson did not object at the time to that figure. We note that Johnson seems to

4

contend within his argument under the third assignment of error that his plea was involuntary because he was unaware that restitution would be ordered. But because he has not assigned this as error, we do not consider it as an assignment of error.

{¶10} Johnson also contends that the trial court improperly considered the sentimental value of the diamond when determining the restitution amount. This contention is not borne out by the record. Although the prosecutor asked Goldston about the sentimental value of the diamond, it is clear that the amount of restitution that was ordered by the trial court was based on the amount at which the diamond had been valued for Goldston's insurance policy and the amount that had been paid to Goldston by the insurance company.

{¶11} We conclude that Johnson has not demonstrated plain error. The second and third assignments of error are therefore without merit.

{¶12} Because we have determined that the trial court erred when it ordered that restitution be paid to Auto Owners, we reverse that part of the trial court's judgment and modify the trial court's judgment to remove that part of the restitution order. The judgment of the trial court is affirmed as modified.

Judgment affirmed as modified.

CUNNINGHAM and FISCHER, JJ., concur.

Please Note:
    The court has recorded its own entry this date.