*187 O’Neill, J.,
dissenting.
{¶ 31} Respectfully, I dissent.
{¶ 32} The Ohio Revised Code entrusts trial courts with discretion to reduce the period of time for a community-control sanction or even to impose a less restrictive sanction where an offender, for a significant period of time, fulfills the conditions of a sanction in an exemplary manner. R.C. 2929.15(C). In short, for good cause shown, a trial court can lighten a sentence when convinced that the defendant has gotten the message. The decision in this case is at odds with that power. The majority holds instead that a trial court may never seal an offender’s record before the offender has completed all sentencing requirements, and it does so without even mentioning a trial court’s power to modify those very requirements.
{¶ 33} The majority opinion sees some difference between community-control sanctions and a restitution order, and I see none. It is a distinction without a difference. R.C. 2929.15(A)(1) authorizes restitution under R.C. 2929.18(A)(1) as a community-control sanction. R.C. 2929.15(A)(1) (“the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code”). Restitution is a community-control sanction. R.C. 2929.01(E) defines “community control sanction” as a sanction “described in * * * 2929.18 of the Revised Code.” R.C. 2929.18(A)(1) describes the sanction of restitution. Thus, the trial court has the authority to modify the very sentence of restitution it has imposed. I believe it defies logic for this court to extend restitution orders into perpetuity when the clear intent of the legislature was to limit the force of these sanctions to a five-year term. R.C. 2929.15(A)(1) (“The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years” [emphasis added]).
{¶ 34} In light of the clear meaning of the community-control laws, this case is easily resolved. Other than the unpaid restitution, Ms. Aguirre’s community-control sanctions were terminated on June 19, 2007. Thus, as required by R.C. 2953.32(A)(1), more than three years had elapsed when Ms. Aguirre applied to have her conviction record sealed in January 2012.
{¶ 35} As a broader policy matter, however, the criminal-justice system simply should not be utilized as the collections agent for private interests, and the legislature would seem to agree. 150 Ohio Laws, Part III, 3914 and 3922; see also State v. Johnson, 1st Dist. Hamilton No. C-100702, 2011-Ohio-5913, 2011 WL 5620184, ¶ 5 (“the legislature’s intent to disallow payment to victims’ insurance' companies is clear”). The common law recognized the civil cause of action for conversion as distinct from the criminal offense of theft precisely because the state and private parties stand in different shoes.
*188 Ron O’Brien, Franklin County Prosecuting Attorney, and Barbara A. Farnbacher, Assistant Prosecuting Attorney, for appellant.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.
{¶ 36} When a person has a history of compliance with the state’s community-control sanctions, the language of the statute clearly authorizes what the trial court did here. The trial court terminated the community-control sanction and essentially sent the defendant on her way. The trial court clearly demonstrated its intention to close the books. The trial courts either do, or do not, have statutory authority to modify their own community-control orders. I would hold that they do. R.C. 2929.15(C). Today, this court ignores the authority granted by the Ohio Revised Code, and it does so for the benefit of private creditors. I dissent.