[Cite as *State v. McNear*, **2020-Ohio-4686**.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                            :          APPEAL NO. C-190643
                                                     TRIAL NO.    B-1901933B
      Plaintiff-Appellee,           :

      vs.                           :
                                                     *O P I N I O N.*

JAMIE MCNEAR                              :

      Defendant-Appellant.          :



Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
                                      Remanded

Date of Judgment Entry on Appeal:  September 30, 2020


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher*, *William R. Gallagher* and *Elizabeth Conkin,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Defendant-appellant Jamie McNear pled guilty to forgery in violation of R.C. 2913.31(A)(3). He was sentenced to community control, community service, a $1,000 fine, and was ordered to pay restitution in the amount of $4,615.95. He has appealed, and argues in two assignments of error that the trial court erred in ordering him to pay restitution, and in imposing the $1,000 fine.

{¶2} For the reasons discussed below, we sustain the first assignment of error and reverse the order of restitution. We overrule the second assignment of error and affirm the judgment of the trial court in all other respects.

### *Factual Background*

{¶3} On January 11, 2019, the victim's car was stolen from a gas station in Georgia. On February 8, 2019, McNear went to a Hamilton County Clerk of Courts office with fake out-of-state title documents and attempted to transfer title to the stolen vehicle into his name. A clerk noticed that the title documents were fake and alerted authorities.

{¶4} McNear was indicted for forgery, receiving stolen property, and attempting to tamper with records. He pled guilty to the forgery charge in exchange for the dismissal of the other two charges. At the sentencing hearing, McNear claimed that a friend of a friend had asked him to put the car in his name in exchange for $100. He claimed that he did not know that the car was stolen.

{¶5} The state explained at the sentencing hearing that car-theft rings will steal a car and then pay someone like McNear to obtain a clean title in a different state using forged title documents. Then, the vehicle is transferred back to the car

thieves with a clean title. The state admitted at the sentencing hearing that it had no evidence to suggest that McNear stole the car, or that he knew about any larger car-theft conspiracy potentially at play.

{¶6} According to the victim-impact statement, the victim's car was stolen while she was in the process of moving, and so multiple personal items were in the car. When the car was recovered, the personal items were missing, the car was malodorous, damage had been done to the dashboard in an attempt to alter the vehicle identification number ("VIN"), there were stains on the seat, one of the tires was flat, and the victim had to pay "re-registration and license fees." At sentencing, the state did not request an order of restitution. Regardless, over defense counsel's objection, the court ordered that McNear pay restitution in order to compensate the victim for her losses plus her insurance deductible.

### First Assignment of Error

{¶7} In his first assignment of error, McNear contends that the trial court erred in ordering him to pay restitution to the victim in the amount of $4,615.95. "The proper standard of review when analyzing the imposition of restitution as a part of a felony sentence is whether the sentence complies with R.C. 2953.08. In other words, the proper standard of review is whether this court clearly and convincingly finds that the sentence is contrary to law." *State v. Thornton*, 2017-Ohio-4037, 91 N.E.3d 359, ¶ 12 (1st Dist.). McNear argues that the court erred in imposing restitution because his forgery was not the direct and proximate cause of the economic loss suffered by the victim.

{¶8} A court may impose restitution as long as the amount does not exceed the amount of the "economic loss suffered by the victim as a *direct and proximate*

*result of the commission of the offense.*" (Emphasis added.) R.C. 2929.18(A)(1); *see State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 23. In *State v. Lovelace*, 137 Ohio App.3d 206, 216, 738 N.E.2d 418 (1st Dist.1999), this court stated, "Generally, for a criminal defendant's conduct to be the proximate cause of a certain result, it must first be determined that the conduct was the cause in fact of the result, meaning that the result would not have occurred 'but for' the conduct."

{¶9} McNear pled guilty to the offense of forgery in violation of R.C. 2913.31(A)(3), which provides, "No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall * * * utter, or possess with purpose to utter, any writing that the person knows to have been forged."

{¶10} Restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted. *State v. Simmons*, 2017-Ohio-1348, 88 N.E.3d 651, ¶ 56 (10th Dist.). "The court must base the amount of restitution on the criminal conduct the defendant was *convicted of committing.*" (Emphasis added.) *Id.*

{¶11} In *State v. Ervin*, 11th Dist. Lake No. 2003–L–207, 2005-Ohio-687, ¶ 5, the trial court ordered that the defendant pay restitution for a crime for which he was never convicted under the theory that he and his codefendant were "part of an organized criminal conduct" that led to his codefendant stealing from the victim. The Eleventh District reversed, holding that the court could not order the defendant to pay restitution for crimes committed by his accomplice for which the defendant was not convicted. *Id.* at ¶ 9; s*ee State v. Hafer*, 144 Ohio App.3d 345, 349, 760 N.E.2d 56 (4th Dist.2001) (where the defendant pled guilty to receiving stolen property in exchange for dismissal of the vandalism charge, it was error for the trial

court to impose restitution for economic losses suffered as a result of the vandalism); *State v. Colon*, 185 Ohio App.3d 671, 2010-Ohio-492, 925 N.E.2d 212, ¶ 9 (2d Dist.) ("Because Colon was convicted only of aggravated arson, his restitution obligation is limited to damages resulting from that criminal act.").

{¶12} In this case, the state admitted at sentencing that it had no evidence that McNear was involved in stealing the vehicle and indicated that it did not believe that McNear was aware of the larger car-theft conspiracy potentially at play. Also, the state dismissed the charges for receiving stolen property and attempting to tamper with records in exchange for McNear's guilty plea to the forgery charge. Therefore, the court was only permitted to award restitution for the losses resulting from McNear's forgery conviction, which was based on McNear attempting to pass forged documents at the clerk's office.

{¶13} The victim's economic losses resulted from the condition the car was in at the time of its recovery (damaged and malodorous), her missing personal items, her insurance deductible, and the re-registration and license fees.

{¶14} If McNear had been convicted of stealing the car, it would be easy to say that "but for" his crime, the victim would not have suffered any losses. But the crime for which McNear was convicted was much farther along the chain of events. Based on the record before us, we cannot say that "but for" McNear's forgery, the victim would not have suffered the economic losses claimed. There is no evidence in the record to show McNear's conduct was the cause in fact of the victim's losses. Thus, the trial court's order of restitution was contrary to law. The first assignment of error is sustained.

***Second Assignment of Error***

{¶15} In his second assignment of error, McNear argues that the trial court erred in imposing a $1,000 fine without considering his present and future ability to pay, in violation of R.C. 2929.19(B)(5).

{¶16} We review the imposition of fines just as we would any other felony sentence. *State v. McCants*, 1st Dist. Hamilton No. C-190143, 2020-Ohio-3441, ¶ 10. An appellate court "may modify or vacate a felony sentence only if we clearly and convincingly find that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.*; R.C. 2953.08(G)(2).

{¶17} R.C. 2929.18(A)(3) permits a trial court to impose fines on a defendant convicted of a felony. Before it does so, the court must consider the defendant's present and future ability to pay. R.C. 2929.19(B)(5). "There are no specific factors the trial court must consider in its analysis, nor must it make any specific findings." *McCants* at ¶ 12. "As long as the record contains some indication that the court considered the offender's present and future ability to pay, the court's imposition of a financial sanction is not contrary to law." *Id.*

{¶18} An appellate court can "infer from financial disclosures made in a presentence-investigation report or from an offender's own admissions that the trial court has adequately considered the offender's ability to pay." *State v. Andrews*, 1st Dist. Hamilton No. C-110735, 2012-Ohio-4664, ¶ 31.

{¶19} At the sentencing hearing, McNear told the court he committed the forgery because he was having money problems at the time, and was offered $100 to commit the crime. However, he did not file an affidavit of indigency and retained private counsel. According to the presentence-investigation report, which was

6

considered by the court before imposing the fine, McNear has a steady work history—he has worked at the post office since 2011. McNear was placed on community control and so he will have the ability to work as he serves his sentence. Also, defense counsel represented that McNear did not lose his job as a result of this conviction. The record provides "some indication" that the court considered McNear's present and future ability to pay. *See McCants,* 1st Dist. Hamilton No. C-190143, 2020-Ohio-3441, at ¶ 12. Therefore, the second assignment of error is overruled.

### *Conclusion*

{¶20} Because the criminal act for which McNear was convicted was not a direct and proximate cause of the victim's economic losses, the first assignment of error is sustained, the order of restitution is reversed, and this cause is remanded with instructions to the trial court to vacate the order of restitution. The second assignment of error is overruled, and the judgment of the trial court is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.