[Cite as *State v. Pozzanghera*, 2024-Ohio-5852.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio          Court of Appeals No.  WD-23-050

       Appellee         Trial Court No. 2023 CR 0273

v.

Scot J. Pozzanghera        **DECISION AND JUDGMENT**

       Appellant        Decided:  December 13, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** Appellant, Scot Pozzanghera, appeals the October 3, 2023 judgment of the

Wood County Court of Common Pleas finding appellant guilty of one count of theft in

violation of R.C. 2913.02(A)(1) and (B) (2), a felony of the fifth degree, and imposing a

three-year sentence of community control.  Upon review, the judgment of the trial court

is affirmed.

**{¶ 2}** Appellant was indicted on two counts of theft in violation of R.C.

2913.02(A)(1) and (B) (2).  Appellant initially entered a plea of not guilty, however on

August 22, 2023, appellant withdrew his plea of not guilty, and entered a plea of guilty to

one count of theft in violation of R.C. 2913.02(A)(1) and (B) (2).  In exchange for the guilty plea, the second count was dismissed.

{¶ 3} During the change of plea hearing, the State proffered the following facts in support:

> The Court: Now, in a moment the State of Ohio will present the facts that underlie the offense for which you are pleading guilty By pleading guilty you are saying those are the true facts. Do you understand that?
>
> The Defendant: Yes, Your Honor
>
> The Court: Mr. Boos
>
> Mr. Boos: Your Honor, had the matter proceeded to trial, the State of Ohio would have established that the Perrysburg Township Police Department was called to investigate a theft of catalytic converters at Tracy Creek Apartments on the evening of 6-19 going into the early morning hours of 6-20, 2022. The victims M.B. and the other gentleman M.K. did report their catalytic converters were take without their permission from their apartment in Wood County, Ohio. Sgt. Klewer would have testified the value of the catalytic converters exceeded $1,000 in each instance Investigation into an old 1970's Camaro that was seen on surveillance footage led police to the defendant Scot Pozzanghera, at which time the Defendant after discussion with officers admitted to being the person responsible for taking the catalytic converters Therefore, we're asking the Court to enter a guilty finding as to Count One
>
> The Court: Mr. Pozzanghera, are those the facts you're entering a plea of guilty?
>
> The Defendant: Yes, Your Honor
>
> The Court: Based upon your plea of guilty, the facts present and the applicable law, the Court is going find you guilty of Count One, theft.

As noted, appellant was later sentenced to a three-year sentence of community control and restitution, which was determined owing in the amount of $214.15. Appellant filed a timely notice of appeal.

{¶ 4} Appellant raises one assignment of error:

The trial court committed error when it found appellant guilty without a factual basis to support the charge of theft.

{¶ 5} Appellant asserts that although he stipulated to the State's statement of facts proffered in support of the plea, to a theft value in excess of $1,000 of the stolen catalytic converters, that the trial court's subsequent award of restitution at sentencing in the amount of $214.15 undermines appellant's guilty plea.

{¶ 6} R.C. 2913.02 addresses the crime of theft and provides in pertinent part:

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

The degree of the theft is determined as follows:

(B)(1) Whoever violates this section is guilty of theft.

(2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), (8), or (9) of this section, a violation of this section is misdemeanor theft, a misdemeanor of the first degree. *If the value of the property or services stolen is one thousand dollars or more and is less than seven thousand five hundred dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree.* (Emphasis added.)

{¶ 7} In *State v. Wright*, 2018-Ohio-2599, ¶ 14 (6th Dist.), in reviewing a restitution order, this court held "[a] trial court's restitution determination in a theft case is

3.

not restricted to a value that corresponds to the level on which the offense was predicated. *State v. Scurlock*, 6th Dist. Lucas No. L-15-1200, 2017-Ohio-1219, ¶ 51."

{¶ 8} Our decision in *Wright* was based upon the Ohio Supreme Court's decision in *State v. Lalain*, 2013-Ohio-1393, which recognized that a restitution figure is *not* required to correlate to the same value classifying the degree of the theft offense. Rather, it should reflect the economic loss the victim sustained due to the offender's actions. *Lalain* at ¶ 27. As a result, a restitution figure is not required to correlate to the same value classifying the degree of the theft offense, but rather, it should reflect the economic loss the victim sustained due to the offender's actions.

{¶ 9} In this case, the State proffered at the plea hearing that the "value of the property stolen", i.e. the catalytic converters, exceeded $1,000. By entering a plea of guilty, appellant conceded to the state's recitation of facts, which included that the value of the property stolen "exceeded $1000." The trial court then following a hearing that the "actual economic loss" for purpose of determining restitution was $214.15 and ordered that restitution be paid in that amount. *See also State v. Brumett*, 2004-Ohio-2211, ¶ 7 (12th Dist.). ("At the plea hearing, the statement of facts presented to the court included a recitation that the value of the stolen property exceeded $100,000. When queried, appellant did not dispute the statement of facts and the court, upon advising appellant of his rights, accepted his guilty plea.").

{¶ 10} Pursuant to the Supreme Court's decision in *Lalain* and our subsequent decision in *Wright*, the trial court's restitution determination in a theft case is not

4.

restricted to a value that corresponds to the level on which the offense was predicated. Accordingly, appellant's sole assignment of error is found not well-taken.

{¶ 11} Based upon the foregoing, the October 3, 2023 judgment of the Wood County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                                         JUDGE
Gene A. Zmuda, J.

                                            _____
Chales E. Sulek, P. J.                          JUDGE
CONCUR.

                                            _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.