OPINION
{¶ 1} Defendant-appellant, Dani Garcia, appeals his sentence from the Butler County Court of Common Pleas imposing $5,000 and $1,000 fines for attempted engaging in a pattern of corrupt activity and trafficking in marijuana. We reverse and remand the cause for resentencing.
 {¶ 2} On July 20, 2005, appellant was indicted for engaging in a pattern of corrupt activity, trafficking in marijuana, and possession of marijuana. On August 29, 2005, appellant negotiated a plea agreement with the state wherein appellant would agree to plead guilty to two counts: Count One — attempted engaging in a pattern of corrupt activity, a second-degree felony, and Count Two — trafficking of marijuana, a third-degree felony. The engaging in a pattern of corrupt activity was reduced to attempted engaging in a corrupt activity and the possession of marijuana count was merged with the trafficking count. In exchange for the entered plea, the state recommended to the court that appellant receive a prison sentence of two years for Count One and one year for Count Two to be served consecutively for an aggregate term of three years in prison. Appellant waived a presentence investigation and the court adopted the agreement.
 {¶ 3} Immediately after the court accepted appellant's guilty plea, the court proceeded to sentencing. Appellant requested that no fines be imposed because of his inability to pay them. The court instructed him to file a motion but continued with sentencing. The trial court imposed the three-year prison term and fines of $5,000 on Count One and $1,000 on Count Two. The court entered its judgment entry on September 1, 2005.
 {¶ 4} On September 26, 2005, appellant filed both a "Motion to Remit Fines" and his notice of appeal. The trial court has not ruled on the motion. Appellant now appeals raising a single assignment of error.
 {¶ 5} In the assignment of error, appellant argues that the trial court erred when it imposed fines as part of his sentence without considering his present and future ability to pay them. Appellant claims that he specifically asked the trial court to waive the fines at his sentencing hearing.
 {¶ 6} Before imposing a financial sanction under R.C.2929.18, a trial court must consider the offender's present and future ability to pay the amount of the sanction or fine. R.C.2929.19(B)(6). There are no express factors that must be considered or specific findings that must be made. State v.Martin, 140 Ohio App.3d 326, 338, 2000-Ohio-1942. All that is required under R.C. 2929.19(B)(6) is that the trial court "consider the offender's present and future ability to pay." Id.
 {¶ 7} On August 29, 2005, appellant entered his guilty plea and was sentenced in the same proceeding. After the trial court made a finding of guilt on the charges of attempted engaging in a pattern of corrupt activity and trafficking in marijuana, the following exchange occurred:
 {¶ 8} "MR. CREHAN:[1] Your Honor, I would submit as to what's previously been discussed in front of yourself and Mr. Kash.[2] I would like to discuss the possibility of, I know there's a five thousand ($5,000) dollar mandatory fine on the count two charge, however, I also know that the sentencing guidelines have a provision that would make that a zero fine if it's established that my client's indigent, and an affidavit of indigency has been filed.[3] I'm an appointed attorney. I would just argue that a five thousand ($5,000) dollar fine would place a huge burden on my client and his family, and there's a good chance it's not going to get paid. So I would just ask the court not impose a fine.
 {¶ 9} "BY THE COURT: File your motion in writing.
 {¶ 10} "MR. CREHAN: Fair enough, judge.
 {¶ 11} "MR. KASH: What did you do with that your Honor?
 {¶ 12} "BY THE COURT: He has to file his motion in writing.
 {¶ 13} "MR. KASH: Okay.
 {¶ 14} "BY THE COURT: Under section (NAUDIBLE.) [sic] What would you like to bring to the Court's attention regarding sentencing?
 {¶ 15} "MR. CREHAN: I have nothing further your Honor."
 {¶ 16} "BY THE COURT: Okay. The court's going to impose a sentence on count one of two years in the Ohio Department of Rehabilitation and Control and that's credit for one hundred eight-five (185) days. I'm going to impose a fine of five thousand ($5,000) dollars and costs. On Count two the court's going to impose a sentence of one year that will be consecutive to Count one and a fine of one thousand ($1,000) and costs. * * *"
 {¶ 17} Because appellant waived a presentence investigation, the trial court had no information regarding appellant's present and future ability to pay the fines other than information that was presented during appellant's sentencing hearing. Based on the above dialogue, we find that the trial court did not have any information from which it could properly consider appellant's present and future ability to pay the fines. Appellant attempted to argue that he was unable to pay the fines. The trial court suggested that a motion be filed in writing, but then proceeded to sentence appellant immediately thereafter. The trial court imposed the $5,000 and $1,000 fines without waiting for any additional evidence or information even though the court itself advised appellant that such information should be submitted to it. Although the trial court's judgment entry of September 1, 2005, states that it "considered [appellant's] present and future ability to pay the amount of any sanction, fine or attorney's fees," the record reflects the contrary.
 {¶ 18} Per the trial court's direction, appellant filed a "Motion to Remit Fines" on September 26, 2005, the same day that he filed his notice of appeal. Attached to this motion was a memorandum in support of the motion in which he requested the trial court waive all fines previously imposed.[4] Despite the trial court's own instruction that appellant file the motion concerning appellant's present and future ability to pay the fines, the trial court has not ruled on this motion. In fact, the court imposed the fines at the same hearing it told appellant to file the requested motion and then entered judgment just three days later. Appellant submitted the motion over three weeks after the fines had already been imposed. Without finding whether appellant possesses or does not possess the ability to pay the fines, we find that the trial court erred when it failed to consider appellant's present and future ability to pay the fines on the record presented before us.
 {¶ 19} Furthermore, we find that the fine imposed with respect to Count Two, trafficking of marijuana, is contrary to law. Appellant pleaded guilty to trafficking the controlled substance pursuant to R.C. 2925.03(A)(1). Appellant sold or offered to sell over 3,200 grams of marijuana, a third-degree felony. R.C. 2929.18(B)(1) provides that a sentencing court "shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of [R.C. 2929.18]." Thus the mandatory minimum and maximum fines permitted by law are $5,000 and $10,000 respectively. The trial court's imposition of $1,000 fine with respect to Count Two was below the mandatory minimum.
 {¶ 20} The state suggests that the trial court meant to impose the $1,000 fine as part of appellant's sentence for attempted engaging in a pattern of corrupt activity and the $5,000 fine as part of appellant's trafficking sentence. We are not willing to speculate as to the trial court's intentions in this matter due to the paucity of statements at the hearing and in the record before us.
 {¶ 21} The trial court did not have information regarding appellant's present and future ability to pay the fines before it imposed the $5,000 and $1,000 fines. It instructed appellant to submit a motion, but proceeded with the imposition of the fines without considering any of the information that the court itself told appellant to provide. Accordingly, we sustain the assignment of error. On remand, the trial court is instructed to consider appellant's present and future ability to pay the fines authorized by R.C. 2929.18(A)(3) and 2929.18(B)(1) prior to imposing them consistent with the law and this opinion.
Judgment reversed and remanded for resentencing.
Powell, P.J., and Walsh, J., concur.
[1] Defendant-appellant was represented at trial by Mr. Kenneth Crehan.
[2] The state of Ohio was represented at trial by Mr. David Kash.
[3] We note that the only affidavit of indigency filed in the record for this case is the affidavit filed for purposes of appellant's present appeal. The record contains no affidavit of indigency filed before trial nor does it contain an entry of appointment of trial counsel.
[4] {¶ a} R.C. 2929.18(B)(1) authorizes a trial court not to impose a mandatory fine and provides the proper procedure for such decision. R.C. 2929.18(B)(1) states, in pertinent part, the following: {¶ b} "For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine * * *. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."
{¶ c} We note that the September 26, 2005, "Motion to Remit Fines" does not contain an affidavit stating appellant is indigent and unable to pay the mandatory fine as required by this section of the Revised Code.