OPINION
{¶ 1} Defendant-appellant, Scott Moore, appeals his sentence in the Butler County Court of Common Pleas imposing a $1,000 fine and costs of prosecution for grand theft.
 {¶ 2} Appellant was indicted in July 2006 on one count of grand theft. Appellant appeared before the trial court on September 18, 2006 for a plea hearing. Appellant waived a presentence investigation report ("PSI") and requested that the trial court proceed with sentencing immediately following the plea hearing. Before accepting the plea, the trial court made sure appellant understood he could be sentenced up to five years in prison and be *Page 2 
fined up to $10,000. Appellant replied he knew and understood. Immediately after the court accepted appellant's guilty plea, the court proceeded to sentencing. The trial court sentenced appellant to three years in prison and imposed a $1,000 fine and costs of prosecution. Appellant appeals, raising two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT ORDERED FINES AND COSTS WITHOUT CONSIDERATION OF HIS ABILITY TO PAY FINANCIAL SANCTIONS."
 {¶ 5} Appellant first argues that the trial court erred by imposing costs of prosecution without determining his ability to pay. We disagree. This court has previously held that "R.C. 2947.23 does not require a trial court to consider a defendant's ability to pay the costs of prosecution. Costs of prosecution are not considered punishment. In fact, R.C. 2947.23[A][1] mandates that the judge `shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs.'" State v. Estes, Preble App. No. CA2002-05-008, 2003-Ohio-5283, ¶ 17 (citations omitted). Thus, the trial court did not err by ordering appellant to pay the costs of prosecution without considering his ability to pay.
 {¶ 6} Appellant next argues that the trial court erred when it imposed a $1,000 fine as part of his sentence without considering his present and future ability to pay. The state counters that because appellant failed to object to or challenge the fine at the sentencing hearing, he has waived all but plain error on appeal.
 {¶ 7} A failure to bring an error to the attention of the trial court at a time when the court could correct that error constitutes a waiver of all but plain error. State v. Johnson, 164 Ohio App.3d 792,2005-Ohio-6826, ¶ 22. Plain error consists of an obvious error or defect in the trial proceedings that affects a substantial right. Crim.R. 52(B); State v. Lindsey, 87 Ohio St.3d 479, 482, 2000-Ohio-465. Plain error does not exist unless it can be said that but for *Page 3 
the error, the outcome of the trial clearly would have been different. Id. We note that the Sixth Appellate District has found it is plain error for a trial court to order a defendant to pay a financial sanction without determining his present and future ability to pay. See, e.g.,State v. Kuhn, Lucas App. No. L-02-1141, 2003-Ohio-3099.[1]
 {¶ 8} The doctrine of waiver has been discussed in several other cases. "The prosecution counters, however, that appellant did not object to [the trial court's failure to consider his ability to pay] and, thus, waived the issue. We are not persuaded. R.C. 2929.19(B)(6) imposes a legislative mandate with which trial courts must comply. * * * State v.Fisher, Butler App. No. CA98-09-190, 2002-Ohio-2069; State v.Rivera-Carrillo, Butler App. No. CA2001-03-054, 2002-Ohio-1013. While criminal defendants may waive their own rights, they cannot waive a mandatory duty imposed on trial courts." State v. Slater, Scioto App. No. 01CA2806, 2002-Ohio-5343, ¶ 10. See, also, State v. Scott, Lucas App. No. L-01-1337, 2003-Ohio-1868 (because R.C. 2929.19[B][6] imposes an affirmative requirement on a trial court to ascertain a defendant's ability to pay, we believe that the doctrine of waiver is inapplicable).
 {¶ 9} R.C. 2929.18(A)(4) authorizes a trial court to impose financial sanctions, including a fine, upon an offender. Before imposing a financial sanction under R.C. 2929.18, however, a trial court must consider the offender's present and future ability to pay the amount of the sanction or fine. R.C. 2929.19(B)(6); State v. Garcia, Butler App. No. CA2005-09-410, 2006-Ohio-4208, ¶ 6. There are no express factors that must be considered or specific findings that must be made.State v. Martin, 140 Ohio App.3d 326, 338, 2000-Ohio-1942. All that is required under R.C. 2929.19(B)(6) is that the trial court "consider the *Page 4 
offender's present and future ability to pay." Id. Compliance with R.C.2929.19(B)(6) can be shown when a trial court considers a PSI that details pertinent financial information, or when a transcript shows that the court at least considered the defendant's ability to pay.Slater, Scioto App. No. 01CA2806 at ¶ 8.
 {¶ 10} As stated earlier, on September 18, 2006, appellant entered his guilty plea and was sentenced in the same proceeding. After the trial court found appellant guilty of grand theft, the court sentenced him to three years in prison and ordered him to pay a $1,000 fine and the costs of prosecution. Upon reviewing the record, we find that the trial court did not have any information regarding appellant's present and future ability to pay the $1,000 fine before the court imposed it.
 {¶ 11} Because appellant waived a PSI, the trial court had no information regarding appellant's financial situation, information that is typically provided by a PSI. During the plea and sentencing hearing, the trial court never questioned appellant about his present and future ability to pay the fine. Nor did the trial court question appellant about his financial situation, his education level, and his employment history. Thus, no evidence was elicited at the hearing from which the trial court could have inferred that appellant had the ability to pay the fine. Nor is there any evidence in the record from which the trial court could infer that appellant had a present or future ability to pay. Although the trial court's judgment entry of September 26, 2006, states that it "considered [appellant's] present and future ability to pay the amount of any sanction, fine or attorney's fees[,]" the record reflects the contrary. See Garcia, Butler App. No. CA2005-09-410 at ¶ 17.
 {¶ 12} We therefore find that the trial court did not have any information from which it could properly consider appellant's present and future ability to pay the fine. On the state of the record before us, we simply cannot find that the trial court complied with the legislative mandate under R.C. 2929.19(B)(6) and considered appellant's present and future ability to *Page 5 
pay before it imposed the $1,000 fine. State v. Adkins (2001),144 Ohio App.3d 633, 647. Accordingly, we find appellant was prejudiced and it was plain error for the trial court to order appellant to pay the $1,000 fine.
 {¶ 13} Appellant's first assignment is overruled with regard to the costs of prosecution but sustained with regard to the $1,000 fine. On remand, the trial court is instructed to consider appellant's present and future ability to pay the fine authorized by R.C. 2929.18(A)(4) prior to imposing it consistent with the law and this opinion.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "TRIAL COUNSEL INEFFECTIVELY REPRESENTED APPELLANT BY FAILING TO REQUEST THAT THE COURT WAIVE FINES BASED ON INDIGENCY."
 {¶ 16} Appellant argues that he received ineffective assistance of counsel because his attorney failed to request that the trial court waive the fine based on appellant's indigency. Appellant signed, and his attorney notarized, an affidavit of indigency six weeks before sentencing; however, the affidavit was not filed until two weeks after sentencing. In light of our holding under the first assignment of error with regard to the fine, we find that the second assignment of error is moot.
 {¶ 17} Judgment affirmed in part, reversed in part, and remanded for resentencing.
WALSH and POWELL, JJ., concur.
[1] In a similar context, this court has held that ordering a defendant to pay court-appointed counsel fees without determining the defendant's ability to pay as required under R.C. 2941.51(D) constitutes plain error. See, e.g., State v. Shannon, Preble App. No. CA2003-02-005,2004-Ohio-1866. *Page 1