[Cite as *State v. Andrews*, 2012-Ohio-4664.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110735<br>TRIAL NO. B-0901344 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DEONDRE ANDREWS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentence Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: October 10, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Wendy R. Calaway*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN, Presiding Judge.**

{¶1}  Defendant-appellant Deondre Andrews appeals his conviction for felonious assault with an accompanying firearm specification.  In five assignments of error, he challenges the overruling of his motion for new counsel, his motion for a continuance to retain new counsel, and his motion to withdraw his guilty plea, the effectiveness of his court-appointed counsel, and the trial court's imposition of a $10,000 fine and restitution.

{¶2}  Because the trial court did not consider Andrews's present and future ability to pay the imposed fine and restitution, as mandated by R.C. 2929.19(B)(5), we vacate his sentence as to the imposition of the fine and restitution, and remand this case to the trial court for a hearing on the matter.  We affirm Andrews's conviction and sentence in all other respects.

### I.  Motion to Remove Counsel

{¶3}  Andrews was indicted in March 2009 for aggravated burglary, felonious assault, and having a weapon while under a disability.  The aggravated-burglary and felonious-assault charges were accompanied by firearm specifications.  Andrews's case was set for trial in April 2010.  When Andrews failed to appear, the trial court issued a capias for his arrest, and granted a motion by Andrews's court-appointed attorney to withdraw as Andrews's counsel.

{¶4}  In August 2010, when Andrews was back in custody, the trial court appointed new counsel to represent him.   In January 2011, Andrews told the court that he was unhappy with his court-appointed counsel and asked the court to appoint another attorney to represent him.  Following a hearing on the matter, the court concluded that Andrews had failed to establish good cause sufficient to warrant the substitution of counsel and denied his request.

2

## II. Guilty Plea

{¶5}   On April 14, 2011, Andrews withdrew his not-guilty pleas and pleaded guilty to felonious assault and an accompanying firearm specification. In exchange, the state dismissed the remaining charges and firearm specifications, and recommended that Andrews serve four years in prison for felonious assault consecutive to a three-year prison term for the firearm specification, for an aggregate sentence of seven years in prison. The trial court accepted Andrews's guilty plea in conformity with Crim.R. 11, and continued the case for preparation of a victim-impact statement and sentencing.

## III. Motion to Withdraw Guilty Plea

{¶6}   On April 19, 2011, the day of his sentencing hearing, Andrews's court-appointed counsel told the court that Andrews had just informed her that he had retained counsel and that he wanted to withdraw his guilty plea. The trial court addressed Andrews directly, inquiring into his reasons for seeking withdrawal of his guilty plea. Andrews told the court that he was unhappy with his court-appointed counsel and that he had hired a private attorney.

{¶7}   When the trial court asked Andrews why he was unhappy with his court appointed counsel, Andrews told the court that counsel had represented to him "that she was able to do certain things and she wasn't able to do [them]." The court reminded Andrews that he had entered his guilty plea two weeks before and asked him what had changed since then. Andrews told the court that he didn't want to be sentenced for something that he did not do.

{¶8}   When the trial court inquired further, Andrews stated that his appointed counsel had "told [him] she could probably beat the agg[ravated] burglary, but she said she couldn't beat the felonious assault, and then all that. She said she

didn't really feel like going through the situation again anyway." The court then replied, "Okay, so she advised you of all that and you entered the plea anyway, right?" Andrews responded, "Yes." The court then replied, "Okay. So now what's happened?" Andrews replied, "I'm still not satisfied with that." The trial court then responded, "Well you were satisfied before. Why are you not satisfied now?" Andrews said, "I just told you why." The court then replied, "That makes no sense to me."

{¶9} The trial court then asked Andrews about the attorney he claimed to have retained, specifically inquiring if this attorney was presently in court. Andrews's court-appointed counsel told the court that another attorney had been present in court earlier that morning, but had left. The trial court asked Andrews for the attorney's contact information and recessed court.

{¶10} Following the recess, the trial court stated on the record that it had attempted to contact the named attorney, but that he had not answered the trial court's telephone calls. The court further noted that the attorney had not placed of record anything showing his retention by Andrews. Moreover, the trial court stated that Andrews's sentencing hearing had been set for 9 a.m. and it was now three minutes until 11 a.m. The trial court told Andrews that because it had no evidence before it that he had actually retained counsel, it would proceed to consider the merits of his pro se motion to withdraw his guilty plea with his court-appointed attorney.

{¶11} The trial court examined Andrews's court-appointed counsel under oath and determined that she had provided Andrews with highly competent representation. The court then reviewed its plea colloquy with Andrews relative to the remaining factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 239, 661 N.E.2d 788 (1st Dist.1995). Finding that only one factor—the timeliness of the

motion—weighed in favor of permitting withdrawal of the plea, the court denied the motion.

{¶12}   The trial court then proceeded to impose sentence.  Andrews's court-appointed counsel asked the trial court to adhere to the recommended sentence. Counsel further stated that she had read the victim's statement and "that part of what [the victim had said] ma[de her] skeptical, because he keeps talking about $30,000 to $60,000 worth of jewelry.  And I've got – between you and me combined we don't have that much jewelry, and Ms. Faller."  The trial court responded, "I'll bet you['re] right."

{¶13}   The trial court then gave Andrews an opportunity to speak before imposing sentence.   Andrews asked the trial court to continue the sentencing hearing, so his "new attorney could be here."  The trial court stated, "I'd like that, too but he's not.  So, anything else you want to say?" Andrews replied, "You going to tell me I can't continue it to another day till he get here?"   The trial court responded, "Anything else you want to say?  Tell me when you're done.  I guess you're done."

{¶14}   The trial court then asked the assistant prosecuting attorney if he wanted to make any remarks before sentencing.  The assistant prosecuting attorney told the court that the state had agreed to recommend a seven-year prison term as part of Andrews's guilty plea, but that it was within the court's discretion as to whether to impose that sentence.   The trial court stated it would follow the recommended prison sentence in the plea agreement.  It imposed a four-year prison term for the felonious-assault offense to be served consecutively to a three-year prison term for the gun specification, for an aggregate prison term of seven years.

{¶15}   The trial court then ordered Andrews to pay $35,000 in restitution to Troy Davis.  Andrews stated, "That wasn't part of the deal."  The trial court then

stated, "Court costs, attorney fees, and you have--". Andrews interrupted stating, "That wasn't part of the plea agreement." The trial court further stated, "You have a $10,000 fine." The court then proceeded to notify Andrews of his postrelease-control obligations, the ramifications of violating those obligations, and his eligibility for judicial release.

### IV. Andrews's Motion to Withdraw His Guilty Plea

{¶16}   We address first Andrews's third assignment of error in which he asserts that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea because he was innocent of the offense and because his court appointed attorney had failed to achieve the results Andrews desired. The Ohio Supreme Court has held that a trial court should "freely and liberally grant" a presentence motion to withdraw a guilty plea, provided that the defendant has supplied the trial court with a reasonable and legitimate basis for the withdrawal. *See State v. Xie*, 62 Ohio St.3d 521, 526-27, 584 N.E.2d 715 (1992). "A defendant, [however,] does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at paragraph one of the syllabus. An appellate court will not disturb a trial court's ruling on a motion to withdraw a guilty plea absent a showing of an abuse of discretion. *Id.* at paragraph two of the syllabus.

{¶17}   Andrews's claim that his guilty plea was involuntarily entered is belied by the record. The record reveals that the trial court complied with the requirements of Crim.R. 11 during Andrews's plea hearing, and that it conducted a full and impartial hearing before overruling Andrews's motion. The trial court placed Andrews's counsel under oath and found that she had provided Andrews with highly competent representation in counseling his guilty plea, and specifically weighed the facts presented at the hearing against the other *Fish* factors. Andrews's

bare assertion of innocence and his unfounded complaints about his court-appointed counsel did not justify the withdrawal of his guilty plea. Because the trial court did not abuse its discretion in denying his motion, we overrule the third assignment of error. *See State v. Calloway*, 1st Dist. No. C-040066, 2004-Ohio-5613, ¶ 14-15.

### *V. Andrews's Guilty Plea Waived Any Error Prior to the Plea*

{¶18} In his first assignment of error, Andrews argues that the trial court violated his right to counsel secured by the Sixth Amendment to the United States Constitution by failing to hold a hearing on his January 2011 motion for new counsel.

{¶19} But the Ohio Supreme Court has held that a defendant who enters a knowing, voluntary, and intelligent guilty plea while represented by competent counsel waives any complaint as to claims of constitutional violations not related to the entry of the guilty plea, including the right to challenge the deprivation of counsel at a preliminary hearing stage. *See State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992), paragraph two of the syllabus; *see also State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶ 22-28 (1st Dist.). In our disposition of Andrews's third assignment, we concluded that Andrews, while represented by competent counsel, had knowingly, voluntarily, and intelligently pleaded guilty to felonious assault and the accompanying firearm specification. Thus, he waived the ability to challenge the overruling of his January 2011 motion for new counsel. Consequently, we overrule his first assignment of error.

### *VI. Andrews Was Not Denied His Sixth Amendment Right to Counsel*

{¶20} In his second assignment of error, Andrews argues that the trial court denied him his Sixth Amendment right to the counsel of his choice by denying his motion to continue the proceedings to permit his newly retained counsel to assist him with his motion to withdraw his guilty plea and with the sentencing hearing.

7

**{¶21}** The right of an accused to select counsel of his choice exists only in cases where the accused actually retains counsel with his own private funds. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006); *see also State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, ¶ 18-20 and syllabus (discussing *Gonzalez-Lopez* and holding that a pretrial ruling removing a criminal defendant's retained counsel of choice is a final appealable order subject to immediate appeal). When appointing counsel for an indigent defendant, a trial court has no constitutional obligation to permit the defendant to choose his or her attorney. *Gonzalez-Lopez* at 151.

**{¶22}** The record does not support Andrews's assertion that he had retained private counsel prior to his sentencing hearing. Andrews's court-appointed counsel was the only attorney that appeared on Andrews's behalf on the day of his sentencing hearing. When Andrews informed the court that he had retained private counsel, the trial court checked the docket in Andrews's case, but no notice of appearance had been filed by the attorney he claimed to have retained. The court, moreover, took a recess and called this attorney, but it could not reach him.

**{¶23}** While the attorney that Andrews claimed to have retained for his sentencing hearing filed a written motion to withdraw his guilty plea more than five months after his sentencing hearing, the attorney did not state either in the motion or in an affidavit that he had been retained prior to sentencing. The motion, moreover, merely restated the same claims of ineffectiveness of trial counsel that Andrews had orally asserted on the day of his sentencing hearing. Under these circumstances, we cannot say that the trial court, in overruling Andrews's motion for a continuance, violated his Sixth Amendment right to counsel of his choice. *See United States v. Gaffney*, 469 F.3d 211, 219 (1st Cir.2006) (holding under similar circumstances that a

district court's denial of a defendant's request for a continuance of his change of plea hearing to explore the possibility of hiring a new attorney did not implicate his Sixth Amendment right to counsel of his choice). We, therefore, overrule the second assignment of error.

### *VII. The Trial Court Improperly Imposed A Fine and Restitution*

{¶24} In his fifth assignment of error, Andrews argues the trial court erred by ordering him to pay $35,000 in restitution and a $10,000 fine as part of his sentence. He argues that the trial court failed to conduct a hearing to determine the amount of restitution, and that the amount of restitution ordered was not supported in the record. He also argues that the trial court erred by imposing a fine upon him when he was demonstrably indigent.

### *A. Restitution*

{¶25} R.C. 2929.18(A)(1) provides that a trial court may order a felony offender to pay restitution to a victim in an amount based upon the victim's economic loss. In determining the amount of restitution, the court may rely upon an amount "recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." R.C. 2929.18(A)(1). The amount of the restitution must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty. *See State v. Johnson*, 1st Dist. No. C-100702, 2011-Ohio-5913, ¶ 7; *see also State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, ¶ 16 (1st Dist.).

{¶26} Andrews first argues that the trial court erred by failing to hold a hearing on the amount of the restitution. But R.C. 2929.18(A)(1) expressly provides that a trial court shall hold a hearing on restitution only if the victim, offender, or

survivor disputes the amount. The record reveals that Andrews objected only to the trial court's imposition of restitution in general, arguing that restitution was not part of his plea deal with the state. Because Andrews did not expressly object to the amount of the restitution, the trial court did not commit reversible error by failing to hold a hearing.

{¶27} Andrews next argues that the amount of the restitution ordered is not supported by the record. But the record reflects that prior to Andrews's sentencing hearing, the trial court ordered a victim-impact statement. Troy Davis, the victim, stated that Andrews had stolen approximately $30,000 to $40,000 worth of jewelry from him, which police had not recovered, and for which he had no insurance to cover his loss. The trial court ordered Andrews to pay Davis $35,000 in restitution. Because the victim-impact statement provided competent credible evidence to support the $35,000 restitution award, Andrews's argument is meritless. *See State v. Sexton*, 1st Dist. No. C-110037, 2011-Ohio-5246, ¶ 4-5.

### B. Fine

{¶28} Andrews further challenges the trial court's imposition of a $10,000 fine. R.C. 2929.18(A)(3)(b) provides that a trial court may impose a fine of not more than $15,000 upon an offender who commits a second-degree felony. Andrews argues that because he had court-appointed counsel, he was indigent, and the court, therefore, should not have ordered him to pay the fine. We disagree.

{¶29} Ohio appellate courts have uniformly held that "[a] determination that a criminal defendant is indigent for purposes of receiving court appointed counsel does not prohibit the trial court from imposing a financial sanction pursuant to R.C. 2929.18." *See State v. Kelly*, 145 Ohio App.3d 277, 283-284, 726 N.E.2d 479 (12th Dist.2001). An offender's ability to pay a fine over a period of time is not equivalent to the ability to pay

10

legal counsel a retainer fee at the outset of the criminal proceedings. *Id.* Thus, a trial court's imposition of a fine is not contrary to law simply because an offender has been appointed counsel for the duration of his case. *Id.*

### C. The Trial Court Erred in Failing to Consider Andrews's Ability to Pay the Fine and Restitution

{¶30} But the record reveals that the trial court committed reversible error by failing to consider Andrews's ability to pay the fine and restitution. R.C. 2929.19(B)(5) provides that "[b]efore imposing a financial sanction under R.C. 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." When considering an offender's ability to pay, the trial court is not required to hold a hearing, but it may choose to do so pursuant to R.C. 2929.18(E). *See State v. Bemmes*, 1st Dist. No. C-010522, 2002 Ohio App. LEXIS 1545, *6-7 (Apr. 5, 2002).

{¶31} The trial court, furthermore, need not consider any express factors or make any specific findings, but there must be some evidence in the record that the court at least considered the offender's present and future ability to pay. *Id.* at *6. An appellate court, for example, can infer from financial disclosures made in a presentence-investigation report or from an offender's own admissions that the trial court has adequately considered the offender's ability to pay. *Id.* at *7.

{¶32} In this case, there is simply no evidence that the court considered Andrews's present or future ability to pay the fine or restitution before imposing it. No presentence-investigation report was completed. Moreover, no evidence was elicited at Andrews's sentencing hearing that would have indicated Andrews's present or future ability to pay the fine. Because the record is completely silent on the matter, the trial

court committed plain error in ordering Andrews to pay the fine and restitution. *Id.*; *see also State v. Moore*, 12th Dist. No. CA2006-09-242, 2007-Ohio-3472, ¶ 6-13; *State v. Ayers*, 2d Dist. No. 2004CA0034, 2005-Ohio-44, ¶ 26; *State v. Kuhn*, 6th Dist. No. L-02-1141, 2003-Ohio-3099, ¶ 12-18; *State v. Adkins*, 144 Ohio App.3d 633, 761 N.E.2d 94 (12th Dist.2001).

{¶33}   Consequently, we vacate that part of Andrews's sentence ordering him to pay a $10,000 fine and to pay the victim $35,000 in restitution, and we remand this cause to the trial court for a hearing on Andrews's present and future ability to pay. We, therefore, sustain in part and overrule in part his fifth assignment of error.

### VIII. Ineffective Assistance of Counsel

{¶34}   In his fourth assignment of error, Andrews argues that his counsel was ineffective for failing to argue the motion to withdraw his guilty plea and for failing to object to the trial court's imposition of the fine and restitution.

{¶35}   To succeed on his claims, Andrews must show (1) that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 694, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); *see also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶36}   Andrews first argues that defense counsel was ineffective for failing to participate in his pro se motion to withdraw his guilty plea. But in overruling Andrews's third assignment of error, we concluded that Andrews had failed to demonstrate that his guilty plea had been involuntarily entered. Because Andrews cannot show that a reasonable probability exists that he would have been successful in his attempt to withdraw his guilty plea had counsel made the motion herself or

assisted Andrews in arguing the motion to the court, we overrule the fourth assignment of error to the extent that it challenges counsel's effectiveness in this regard. *See State v. Singletary*, 2d Dist. No. 17352, 1999 Ohio App LEXIS 2050, *10-11 (May 7, 1999).

{¶37} Andrews next argues that defense counsel was ineffective in failing to object to the restitution order or the fine. Because we held in Andrews's fifth assignment of error, that the trial court erred in imposing the fine and restitution without considering Andrews's ability to pay, defense counsel could be said to have been ineffective in failing to object to the imposition of the fine and restitution. Thus, we sustain the fourth assignment of error to the extent that it challenges counsel's effectiveness in this regard.

### IX. Conclusion

{¶38} In conclusion, we overrule Andrews's first, second, and third assignments of error. We overrule in part, and sustain in part, Andrews's fourth assignment of error. We overrule in part, and sustain in part, his fifth assignment of error. Therefore, we vacate the fine and restitution that was imposed as part of Andrews's sentence and remand this cause to the trial court for a hearing on Andrews's present and future ability to pay a fine and restitution. And we affirm the trial court's judgment and sentence in all other respects.

Judgment affirmed in part, sentence vacated in part, and cause remanded.

**CUNNINGHAM** and **FISCHER, JJ.,** concur.

Please note:

    The court has recorded its own entry this date.