[Cite as *State v. Boykins*, 2014-Ohio-1048.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130068 |
| | | TRIAL NO. B-1004821 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| RODRICK BOYKINS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: March 21, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1}    Following a jury trial, the trial court convicted defendant-appellant Rodrick Boykins of patient endangering, a third-degree felony.   Boykins was acquitted of the other charges against him.  The trial court sentenced Boykins to the maximum sentence of 36 months, imposed a $10,000 fine, and ordered Boykins to pay $100,000 in restitution.   Boykins now appeals his conviction and sentence, bringing forth two assignments of error.

### I.      Sufficiency and Weight

{¶2}    In his first assignment of error, Boykins challenges the sufficiency and weight of the evidence underlying his conviction.   When considering a sufficiency claim, we must determine, after viewing the evidence in a light most favorable to the state, whether a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt.  *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).  To reverse a conviction on the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice in finding the defendant guilty.  *Id.* at 387.

{¶3}    After a review of the record, we hold that there was sufficient evidence to convict Boykins of patient endangering.  The patient-endangering statute, R.C. 2903.341(B), provides that "[n]o MR/DD caretaker shall create a substantial risk to the health or safety of a mentally retarded person or a developmentally disabled person."  Here, the state presented evidence at trial that Boykins was a caretaker for

a mentally retarded/developmentally disabled man, N.A. N.A. had the cognitive ability of a two-year old child and needed constant supervision. Despite knowing this, Boykins admitted that he had left N.A. unattended in the bathtub. As a result, N.A. suffered third-degree burns on his feet, ankles, buttocks and genitalia.

{¶4} Based on the foregoing, we also hold that the jury did not lose its way and create a manifest miscarriage of justice in finding Boykins guilty of patient endangering. The first assignment of error is overruled.

## II. Sentence

{¶5} In his second assignment of error, Boykins challenges his 36-month prison term, the imposition of a $10,000 fine, and the order to pay restitution in the amount of $100,000. He argues that the trial court failed to consider the purposes and principles of sentencing before imposing his prison term, and that it failed to consider his present and future ability to pay the fine and restitution. Lastly, he argues that the trial court erred by failing to conduct a hearing to determine the amount of restitution.

### A. Maximum Sentence

{¶6} Under R.C. 2953.08(G)(2), a reviewing court may only vacate or modify a sentence if it clearly and convincingly finds either that the record does not support the mandatory sentencing findings or that the sentence is otherwise contrary to law. *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶7} Upon a review of the record, we hold that Boykins's sentence is not contrary to law. The prison term was within the applicable statutory range and, despite Boykins's contention to the contrary, the trial court did consider the purposes and principles of sentencing before imposing the maximum sentence.

When sentencing Boykins, the trial court commented on the severity of the victim's injuries, the victim's limited ability to protect himself and Boykins's lack of remorse. The trial court considered imposing a community-control sanction, but after reviewing the court clinic's psychiatric-evaluation report decided that Boykins would most likely be unsuccessful on community control. Finally, the trial court noted that Boykins had no criminal history and had served in the military for almost ten years. The court weighed those mitigating factors against the victim's severe and extensive injuries and Boykins's lack of remorse, and determined that a prison sentence was appropriate.

### B. The Trial Court Did Consider Boykins's Ability to Pay the Fine and Restitution

{¶8} Under R.C. 2929.19(B)(5), "[b]efore imposing a financial sanction under 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." When considering an offender's ability to pay, the trial court is not required to hold a hearing, but it may choose to do so pursuant to R.C. 2929.18(E). *See State v. Bemmes*, 1st Dist. Hamilton No. C-010522, 2002 Ohio App. LEXIS 1545, *6-7 (Apr. 5, 2002). The trial court need not consider any express factors or make any specific findings, but there must be some evidence in the record that the court at least considered the offender's present and future ability to pay. *Id.* at *6.

{¶9} Here, the record demonstrates that Boykins was 32 years old when he was sentenced, that he had some college education, that he had served in the United States Army and the National Guard for almost ten years, where presumably he

gained some useful skills, and that he had been employed full-time prior to his arrest. Boykins's status and skills are indicative of employability. In light of those facts and absent any evidence to the contrary, the trial court could reasonably conclude that Boykins will have the ability to pay the fine and restitution.

### C. Restitution

{¶10} R.C. 2929.18(A)(1) permits a trial court to order an offender to pay restitution to the victim of the offender's crime "in an amount based on the victim's economic loss." "Economic loss" is defined in R.C. 2929.01(M) as "any economic detriment suffered by a victim as a result of the commission of a felony and includes any loss of income due to lost time at work * * * and any property loss [or] medical cost * * * incurred as a result of the commission of the felony." Thus, for example, a trial court may order restitution for a victim's out-of-pocket medical expenses. *See generally State v. McDaniel*, 4th Dist. Meigs No. 12CA6, 2013-Ohio-4003.

{¶11} In determining the amount of restitution, the court may rely on an amount "recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim." R.C. 2929.18(A)(1). A trial court shall hold a hearing on restitution only if the victim, offender or survivor disputes the amount. *Id.*; *see State v. Andrews*, 1st Dist. Hamilton No. C-110735, 2012-Ohio-4664, ¶ 26.

{¶12} Boykins argues that the trial court erred by failing to hold a hearing on restitution after he objected to the amount. We agree. The record shows that Boykins objected to the amount of restitution but the trial court, instead of holding a

hearing, stated its reasons on the record for awarding restitution. Boykins was not given the opportunity to present any evidence or argument as to the appropriate amount, if any, of restitution. Accordingly, we vacate the restitution award and remand the cause to the trial court for a hearing to determine restitution based on any economic loss suffered by the victim.

{¶13} The second assignment of error is sustained in part and overruled in part.

{¶14} In conclusion, the award of restitution is vacated, and the cause is remanded for a hearing on restitution in accordance with the law and this opinion. The judgment of the trial court is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**CUNNINGHAM, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.